UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

DERRICK LIONEL-ROOSEVELT DAVIS,

    Defendant-Petitioner.
_____/

No. 12-20462

District Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On June 28, 2013, following Defendant Derrick Lionel-Roosevelt Davis' plea to one count of bank robbery (Count I) and one count of using or carrying a firearm in relation to a crime of violence (Count II), the Court entered an Amended Judgment in a Criminal Case [Doc. #81], imposing a sentence of 33 months on Count I and 84 months on Count II, to run consecutively. The Court also ordered restitution in the amount of $18,269.00, jointly and severally with the other Defendants.

Before the Court is Mr. Davis' *pro se* Motion Seeking Reconsideration of Restitution–Clarifying Payment [Doc. #106], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). I construe this as a motion to vacate (or amend) sentence under 28 U.S.C. §2255, and recommend that the motion be DENIED.

I.   FACTS

As part of his sentence, Mr. Davis was ordered to pay restitution in the amount of $18,269.00, with a lump sum of $200.00 due immediately. *Amended Judgment* [Doc. #81], Pg. ID 261-263. The Schedule of Payments provided as follows:

> "...[W]hile in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance." *Id.*, Pg. ID 263.

In his motion, Mr. Davis states that he has a prison job at FCI Milan, where he is serving his sentence, and that the institution deducts 50% of his pay to go toward restitution. He states that this deduction is excessive, and requests that the Court reduce the amount to 25% "until such time as petitioner is accorded an increase in his Unicor wages which permits a realistic increase in his restitution payments for good cause shown." *Motion* [Doc. #106], Pg. ID 409.

II.   STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution. "[A] defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir.1998) (internal quotation omitted); *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994). To prevail under § 2255, a petitioner must demonstrate the existence of an error of

constitutional magnitude which had a substantial and injurious effect or influence on the verdict. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003). Congress and the Supreme Court have set the bar high for § 2255 petitioners. *See United States v. Frady,* 456 U.S. 152, 166 (1982) ("[T]o obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal").

### III.   DISCUSSION

Motions under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which runs from the date the judgment of conviction becomes final. In this case, Mr. Davis did not appeal his plea-based conviction, so the judgment became final on July 12, 2013, or 14 days after the amended judgment was entered on June 28, 2013.[1] This motion was filed on December 8, 2015, and is therefore time-barred.

In addition, Mr. Davis mistakenly argues that the Court did not set a payment schedule. While it is true that the Amended Judgment itself does not spell out a specific dollar amount or percentage, it approved the payment schedule required by the Inmate Financial Responsibility Program, and ordered Mr. Davis' participation in that program. The Court stated in its Amended Judgment that it was aware of the requirements of the Financial Responsibility Program. Mr. Davis has not shown any "fundamental defect" in his sentence, including the restitution payment requirement, or that the sentence was

---

[1] The conviction became final after the time for appeal expired. Under Fed.R.Cr.P. 4(b)(1)(A)(i), a notice of appeal must be filed within 14 days of entry of judgment in a criminal case.

imposed under a mistake of law or fact.

While I am not unsympathetic to Mr. Davis' financial concerns, there is no basis for this Court to modify or clarify any portion of his sentence.

### IV.   CONCLUSION

I recommend that Mr. Davis' motion [Doc. #106] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: August 14, 2018

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing document was sent to parties of record on August 14, 2018, electronically and/or by U.S. mail.

          s/Carolyn M. Ciesla
          Case Manager to the
          Honorable R. Steven Whalen